J-S73036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW PATRICK KILLIAN | : | |
| | : | |
| Appellant | : | No. 771 WDA 2018 |

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000641-2009

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 03, 2019**

Appellant, Andrew Patrick Killian, appeals from an order entered on April 24, 2018 in the Criminal Division of the Court of Common Pleas of Clearfield County that dismissed, as untimely, his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9542-9546. We affirm.

The relevant facts are as follows. On October 26, 2010, Appellant pled guilty to statutory sexual assault, 18 Pa.C.S.A. § 3122.1. On the same day, the trial court sentenced Appellant to serve six to 12 months' incarceration, followed by nine years' probation. Among other things, as a condition to Appellant's probationary sentence, the trial court ordered that Appellant successfully complete the Project Point of Light Program. When Appellant received his sentence, statutory sexual assault did not trigger registration obligations and none were ordered by the trial court. Appellant served his incarceration and was released to the supervision of probation authorities.

On or around February 3, 2012, probation authorities filed a violation report alleging that Appellant failed to report to probation as directed and failed to complete the Project Point of Light Program. After determining that Appellant violated his probation, the court, on October 27, 2015,[1] revoked Appellant's probationary punishment and re-sentenced him to serve a term of incarceration of two to eight years. Appellant filed a post-sentence motion to modify his revocation sentence, which the trial court denied on November 20, 2015. No direct appeal from the revocation sentence was filed.

Appellant filed a *pro se* PCRA petition on September 15, 2017. On October 17, 2017, the PCRA court appointed counsel who filed an amended petition on February 8, 2018.[2]

The PCRA court convened a PCRA hearing on February 26, 2018 and, on April 24, 2018, dismissed Appellant's petition as untimely. Appellant filed a timely notice of appeal on May 22, 2018. Upon order of the PCRA court, Appellant thereafter filed a concise statement of errors complained of on

---

[1] The record reveals that Appellant absconded between February 2012 and October 2015.

[2] Among other things, counsel's amended petition alleges that, following the revocation of his probation, Appellant was re-sentenced on October 27, 2015 to serve two to eight years' incarceration for his statutory sexual assault conviction. The petition, however, does not allege that Appellant's revocation sentence required him to register with authorities pursuant to Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. Our own review of Appellant's revocation sentence reveals that no registration requirements were ordered by the court.

appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued its Rule 1925(a) opinion on July 6, 2018.

Appellant's brief raises a single question for our review:

Whether the [PCRA] court erred in dismissing Appellant's [PCRA petition] as untimely?

Appellant's Brief at 3.

"[W]e review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014). Appellant's sole claim is that the PCRA court erred in concluding that his petition was untimely and that he did not properly invoke an exception to the PCRA's jurisdictional timeliness requirements.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Appellant's revocation sentence became final at the end of the day on November 26, 2015, which was 30 days[3] after the revocation court entered its sentence and the time for filing an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until November 26, 2016 to file a timely PCRA petition. Since Appellant filed his current petition on September 15, 2017, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

---

[3] Appellant's motion to modify his revocation sentence did not toll the appeal period. Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation [of probation] shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30–day appeal period."); ***Commonwealth v. Burks***, 102 A.3d 497, 499-500 (Pa. Super. 2014).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, **it provides that the right "has been held" by "that court" to apply retroactively**. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. **The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed**.

- 5 -

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007) (emphasis added), *quoting* **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead and prove each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Appellant seeks to invoke the timeliness exception at § 9545(b)(1)(iii) by citing our Supreme Court's recent decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that SORNA's registration provisions are punitive and that retroactive application of SORNA's registration provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution.[4] Appellant relies upon the decision of this Court in **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674 (Pa. Super. 2017), in which we vacated an order dismissing a collateral relief petition and remanded to allow the petitioner to raise a **Muniz** claim where the collateral relief petition was timely filed but the petitioner's judgment of sentence had become final before the issuance of **Muniz**. **See Rivera–Figueroa**, 174 A.3d at 678. Appellant points out that the courts should assert jurisdiction over his

---

[4] Again, it does not appear that Appellant has been subjected to any registration requirements that run afoul of **Muniz**'s rule against retroactive application.

claims because he is similarly situated to petitioners such as Rivera-Figueroa who filed timely PCRA petitions.

We have previously rejected the precise arguments raised by Appellant.

In **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), we said:

> Here, we acknowledge that this Court has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." [**Rivera–Figueroa**, 174 A.3d at 678]. However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). **See Abdul–Salaam**, **supra**. Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on **Muniz** to meet that timeliness exception.

**Murphy**, 180 A.3d at 405-406.[5]

Appellant's petition is untimely and no timeliness exception has been established since our Supreme Court has not expressly held that **Muniz** applies retroactively to cases in which the judgment of sentence had already become final as of July 19, 2017, the date **Muniz** was issued. **See Abdul-Salaam**, 812 A.2d at 501-502 ("[a] ruling concerning the retroactive application of [a] new constitutional right must be made prior to the filing of

---

[5] Our decision in **Murphy** also observed that: "[I]f the Pennsylvania Supreme Court issues a decision holding that **Muniz** applies retroactively, [Murphy] can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." **Murphy**, 180 A.3d at 405-406 n.1.

the petition for collateral relief").  Accordingly, we affirm the PCRA court's dismissal order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2019